NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| AMERICAN MILLENNIUM | : | **Hon. Dennis M. Cavanaugh** |
| INSURANCE CO., | : | |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civil Action No. 07-cv-3400 (DMC) |
| v. | : | |
| | : | |
| FIRST KEYSTONE RISK RETENTION | : | |
| GROUP, INC.,OCEAN RISK | : | |
| RETENTION GROUP, INC., | : | |
| PINELANDS INSURANCE COMPANY, | : | |
| RRG, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

        This matter comes before the Court upon motions to dismiss by Defendant First Keystone

Risk Retention Group, Inc. ("First Keystone") and Defendants Ocean Risk Retention Group, Inc.

("Ocean Risk") and Pinelands Insurance Company, RRG ("Pinelands") pursuant to FED. R. CIV. P.

12(b)(6) and cross motion by Plaintiff American Millennium Insurance Co. ("Plaintiff") for partial

judgment on the pleadings pursuant to  FED. R. CIV. P. 12(c), or alternatively for leave to file a First

Amended Complaint.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument

was heard. After carefully considering the parties' submissions and based upon the following, it is

the finding of this Court that Defendants' motions to dismiss Plaintiff's Complaint pursuant to FED.

R. CIV. P. 12(b)(6) are **granted**, and Plaintiff's motion for judgment on the pleadings, or in the

alternative to amend the Complaint, pursuant to FED. R. CIV. P. 12(c) is **denied.**

I.   <u>Background</u>

Plaintiff is a taxi cab insurer authorized to do business in the State of New Jersey. (Complaint ¶¶ 1-2).  Defendant First Keystone is organized under the laws of South Carolina. (Complaint ¶ 6). Defendants Ocean Risk and Pinelands are organized under the laws of the District of Columbia. (Complaint ¶¶ 5,7). Each Defendant is a Risk Retention Group (RRG) who provide insurance coverage to member companies by assuming, and spreading all of the liability exposure of its group members. (Defs.' Reply, p. 13).

In its Complaint, Plaintiff alleges that Defendants are not authorized or admitted to do business in the State of New Jersey, but are doing business pursuant to the Federal Liability Risk Retention Act ("FLRRA"). (Complaint ¶¶ 8,9).  Plaintiff alleges that Defendants have not met the requirements of New Jersey's financial responsibility laws, thereby barring Defendants from conducting business in New Jersey. Plaintiff alleges that the federal preemption in the FLRRA is irrelevant to state financial responsibility laws, and Defendants must abide by the laws of the State of New Jersey.  Plaintiff alleges that other circuits have held that the federal exemption for risk retention groups is not applicable in this type of matter. (Pl.'s Br. p. 3).

Defendant First Keystone moves to dismiss Plaintiff's Complaint alleging that Plaintiff does not have a private right of action (Def. First Keystone's Motion to Dismiss, pp. 3-7); that Federal RRGs, like Defendants, are exempt from most state regulations applicable to Plaintiff (Id. at 7-11); that Count IV of Plaintiff's Complaint should be dismissed for vagueness because it sounds in prospective economic advantage without naming a potential insured (Id. at 11); and that Counts IV and V of Plaintiff's Complaint rely on the premise that Defendants, as RRGs, must be licensed and authorized to conduct business in New Jersey, which First Keystone alleges is contrary to the law.

(Id. at 12).

Defendants Ocean Risk and Pinelands jointly move to dismiss Plaintiff's Complaint asserting that Plaintiff does not allege viable claims or sufficient allegations to survive Defendants' motion to dismiss (Defs. Ocean Risk and Pinelands' Motion to Dismiss, p. 2); that Plaintiff has no viable cause of action to enforce the New Jersey state insurance law (Id. at 3); that Plaintiff's claims are based on New Jersey's regulation of non-resident RRGs which is prohibited by federal law because New Jersey is not the chartering state for these RRGs (Id. at 5); that Plaintiff's tortious interference and unfair competition claims must be dismissed because they are preempted by the act (Id. at 6); and that Plaintiff's unfair competition claims must be dismissed as a matter of state common law as these Defendants maintain that these claims do not rise to the level of unfair competition. (Id. at 7).

Plaintiff moves for judgment on the pleadings asserting that Defendants are insurers not authorized to transact business in New Jersey, and thus lack standing to file a motion to dismiss based on the claims they assert (Pl.'s Br. pp. 4-7); and that Plaintiff has both a private and common law right to pursue its cause of action against Defendants because insurance regulations allow it to do so. (Id. at 7-13). Plaintiff also moves for judgment on the pleadings by alleging that Defendants are not exempt from the financial responsibility laws in New Jersey, the state where they are conducting business. (Id. at 13-28). Additionally, Plaintiff argues that since it has pled each element of tortious interference with a prospective economic advantage and unfair competition adequately, Defendants' motions to dismiss Counts IV and V of Plaintiff's Complaint must be denied. (Id. at 28-33). In opposing Defendants' motions to dismiss, Plaintiff asserts that there is no exception to the federal exemptions on which Defendants rely and asserts that Defendants are bound by the New Jersey financial responsibility laws. (Id. at 33).

3

Also before the Court is Plaintiff's cross-motion for judgment on the pleadings, or in the alternative, to amend the Complaint to name the Department of Banking and Insurance as a necessary party, essentially arguing the same points argued in opposing Defendants' motions to dismiss. (Id. at 34-36).

## II.   STANDARD OF REVIEW

### A.   FED. R. CIV. P. 12(b)(6)

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

### B.   FED. R. CIV. P. 12(c)

In reviewing a motion for judgment on the pleadings made pursuant to FED. R. CIV. P. 12(c), a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the

plaintiff.  See Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 274, 277 (3d Cir. 1984).  If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim.  See Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).

III.   DISCUSSION

A.    Defendants' Standing to Bring Motions to Dismiss

In its opposition to Defendants' motions to dismiss, Plaintiff asserts that Defendants lack standing to move to dismiss Plaintiff's Complaint. (Pl.'s Br. pp. 4-6).  Plaintiff argues that because Defendants are insurers not authorized to transact business in New Jersey, they must either deposit a bond with sufficient surety with the clerk or produce a certificate of authority to transact business in the state, pursuant to N.J.S.A. 17:51-2(a). (Pl.'s Br. p. 4). Defendants point out that they are not insurers, but rather are RRGs and that "Risk Retention Groups are forms of insurance cooperatives through which insureds engage in self insurance." Scales v. Memorial Medical Center of Jacksonville, Inc., 690 F. Supp. 1002, 1003 n.1 (M.D. Fla. 1988). (Ocean Risk and Pinelands' Br., p. 3 and Defs.' Reply, p. 12). Since Defendants are not in the class of businesses which must deposit a bond with the clerk or procure a certificate of authority, Defendants, as RRGs, have standing to bring the subject motions to dismiss.

B.    Private or Common Law Right of Action

Defendants Ocean Risk and Pinelands assert that the Risk Retention Act, 15 U.S.C. § 3901 does not create a private cause of action to enforce its terms. Dillon v. Combs, 895 F.2d 1175 (7th Cir. 1990). (Ocean Risk and Pinelands' motion to dismiss, p. 3). The standard for determining

5

whether a statute implicitly creates a private right of action was established by the Supreme Court in <u>Cort v. Ash</u>, 422 U.S. 66, 78, 95 (1975). <u>Classic Motel, Inc. v. Coral Group. Ltd., et al.</u>, 833 F.Supp 593, 600 (S.D.Miss.,1993). The <u>Cort</u> Court essentially held that there is an open possibility that legislative history, when the subject statute's language creates personal entitlements,  may create a right of action when the statute itself is silent on the issue. <u>See</u>. <u>Dillon</u>, 895 F.2d at 1177.

Specifically, <u>Cort</u> enumerated four factors to determine whether there is a private remedy available in a statute which does not expressly create it; first, is the plaintiff one of the class for whose expected especial benefit the statute was enacted; second, is there any indication of legislative intent...either to grant such a remedy or deny the remedy plaintiff seeks; third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and fourth, is the cause of action traditionally regulated to state law...so that it would be inappropriate to infer a cause of action based solely on federal law. <u>See</u>. <u>Cort</u>, 422 U.S. 66, 78 (citations omitted). "These guidelines were specifically adopted by the New Jersey Superior Court in <u>Jalowiecki v. Leuc</u>, 182 N.J.Super. 22, 30 (App.Div.1981)." <u>Specialty Insurance Agency v. Walter Kaye Associates, Inc</u>. 1989 WL 120752 *2-4 (D.N.J.1998).

The first factor, whether Plaintiff is part of the class whose benefit the statute was enacted, is not satisfied by the actions alleged in the Complaint.  Plaintiff alleges that the insurance regulations in question, i.e. <u>N.J.S.A.</u> 17-17-1, <u>et seq</u>. envision a private cause of action (Pl.'s Br. p. 7). This Court disagrees. The statutes Plaintiff complains Defendants are violating are designed to protect insureds from unauthorized insurance companies acting outside the regulatory  scheme of the Commissioner of Insurance.  Plaintiff, however, is not such an insured, so is therefore, not a member of the class whose benefit the statute was enacted.

6

Second, whether there is legislative intent to create or deny the remedy Plaintiff seeks, is also contrary to Plaintiff's argument here.  There is no indication that the New Jersey Legislature intended to create a private right of action. Plaintiff argues that the legislative scheme is to protect the public from insurers who were not financially responsible and that a private right of action against these Defendants does not frustrate that purpose. (Pl.'s Br. p. 10).  While this proposed right of action may not completely disrupt the statute's purpose, this does not convey, nor imply that the Legislature intended to create such a private right of action.

Third, whether it is consistent with the underlying purposes of the legislative scheme to imply the remedy Plaintiff seeks, is similar to the previous inquiry and this Court comes to the same conclusion, that a private right of action is inconsistent with legislative intent.  The underlying thrust of the Act is clearly aimed at addressing hurdles erected by the states, not private individuals, which would frustrate the formation of RRGs or purchasing groups.  <u>Classic Motel, Inc.</u> 883 F.Supp at 602. Since the underlying purpose of the Act cannot be found to allow a private right of action, and Plaintiff is a private actor, the third factor has not been met.

Fourth, whether the cause of action is one traditionally relegated to state law and thus inappropriate to infer a federal private right of action, is clear in this case, as regulation and oversight of the insurance industry has traditionally been under the purview of state law. <u>Id</u>. at 603. It is clear after analyzing the controlling case law in conjunction with the facts of this case, Plaintiff has no private right of action and Counts I, II and III of the Complaint are **dismissed**.

C. <u>**Defendants' Exemption as RRGs from New Jersey Financial Responsibility Laws**</u>

In their motions to dismiss, Defendants argue that they are exempt from New Jersey Financial

7

Responsibility Laws because New Jersey is not the chartering state for any Defendant and New Jersey is preempted from regulating non-resident RRGs. (Ocean Risk and Pinelands' motion to dismiss, p. 5). As stated above, this Court does not recognize a private right of action to enforce the statutes Plaintiff claims have been violated. As such, Plaintiff's claim that Defendants are not exempt from New Jersey Financial Responsibility Laws cannot be brought here and these claims are likewise **dismissed**.

       **D**.   **Plaintiff's Tortious Interference with a Prospective Economic Advantage and Unfair Competition Claims**

In Counts IV and V of Plaintiff's Complaint, it is alleged that Defendants have interfered with Plaintiff's pursuit of its economic or contractual business relationship with taxi cabs in the State of New Jersey and that Plaintiff has a reasonable expectation of an economic advantage, which Plaintiff alleges Defendants have interfered with, resulting in a loss of numerous clients. (Complaint, Count IV, ¶¶4-5). Defendants argue in their motions to dismiss, that these Counts must be dismissed for failure to state a viable tortious claim. (See First Keystone's Point III and Ocean Risk and Pinelands' Point VI). In their joint reply, Defendants assert that Plaintiff has failed to sufficiently plead its tortious interference with prospective economic advantage claim because Plaintiff did not "identify existing contracts of a prospective business relationship with the required specificity". (Defs' Reply, p. 13) citing Only v. Ascent Media Group, LLC, No. 06-2123, WL 2865492 (D.N.J. Oct. 5, 2006).

The New Jersey Supreme Court set forth the elements a plaintiff must allege in its Complaint to demonstrate tortious interference with a contract or prospective business advantage in Printing

Mart v. Sharp Electronics, 116 N.J. 739, 751 (1989) as the following: 1- a protectable right, such as a prospective or contractual relationship, and a showing that a plaintiff was in "pursuit" of business; 2- intentional interference done with "malice"; 3- a loss of the prospective gain; and 4- damage caused by the injury. Judge Hochberg addressed this standard in Only, supra, at *9 and held that since Plaintiff Only did not identify existing contracts of a prospective business relationship with the required specificity, Plaintiff Only failed to state a claim for tortious interference with a prospective business advantage.  See. Id.  Also, in Coast Cities Truck Sales, Inc. v. Navistar Intern. Transp. Co. 912 F. Supp. 747 (D.N.J. 1995), the Court reasoned that since that plaintiff had not specified some reasonable expectation of economic benefit, or in other words, the existence of a contract or the likelihood that a contract with a particular party would have been actualized but for defendant's wrongful intercession, plaintiff's claims for tortious interference with a prospective economic advantage were dismissed. See. Id. at 778.

Plaintiff argues that since it has generally plead the elements to prove prospective interference with economic advantage, its Complaint must survive Defendants' motions to dismiss. (Pl.'s Br. pp. 30-32). In Lexington Nat'l Ins. Corp. v. Ranger Ins. Co., 326 F.3d 416, 420 (3d. Cir. 2003), the Court noted that since plaintiff did not plead a causal connection between defendant's conduct and its loss of business, that plaintiff's claims must be dismissed. Further, the Lexington Court recognized that while it was required to accept plaintiff's allegations as true, it was not required to accept bald assertions, subjective characterizations, or legal conclusions. Id., see also, General Motors Corp. v. The New A.C. Chevrolet, Inc. 263 F.3d 296, 333 (3d. Cir. 2001).

This Court agrees with other courts in this district in holding that Plaintiff must have alleged either the likelihood of a particular contract being actualized, or a specific business relationship with

which Defendants have interfered, or specifically how Defendants' actions caused damage to Plaintiff in order to survive Defendants' motions to dismiss. Because Plaintiff failed to do so, Count IV of Plaintiff's Complaint alleging tortious interference of a prospective economic advantage is **dismissed**.

In Count V of its Complaint, Plaintiff alleges that Defendants' conduct is contrary to business fairness and commercial morality in trade and contrary to the laws of the State of New Jersey and as a result, Plaintiff has been damaged. (Complaint, Count V, ¶¶2-4). Defendants argue that allowing Count V of Plaintiff's Complaint to survive would lead to a tidal wave of litigation enabling businesses to meddle in their competitors' affairs. See Lexington, 326 F.3d 420.  The Lexington Court concluded that if the defendant in that case was underpaying its taxes and thereby gaining an economic advantage over its competitors, then that matter is between the State of New Jersey and the defendant. See Id. at 421.

This Court agrees with Third Circuit precedent in its reluctance to allow Plaintiff's claim of unfair competition because of Defendants' alleged failure to prove their financial responsibility, as the defendant in Lexington who underpaid its taxes was able to show that it was not liable for unfair competition. See Id.  The appropriate cause of action is between Defendants and the State of New Jersey. Court V of Plaintiff's Complaint alleging unfair competition is therefore **dismissed**.

E.    **Plaintiff's Cross Motion for Judgment on the Pleadings, or in the alternative, to name The Department of Banking and Insurance as a Necessary Party**

As stated, Plaintiff has no private right of action against Defendants; Plaintiff has not sufficiently plead its claim for tortious interference of a prospective economic advantage and allowing Plaintiff to pursue its claim for unfair competition would lead to negative effects on

10

business in New Jersey and this Court believes the proper parties in a litigation alleging unfair competition claims such as these are the State of New Jersey and Defendants. Plaintiff moves to amend the Complaint only to name the Department of Banking and Insurance ("DOBI") as a necessary party in reference to the determination as to whether Defendants are acting contrary to New Jersey law.  See proposed Amended Complaint, Count VI, ¶ (attached as Exhibit F to the Certification of Frederick E. Gerson, Esq.).  This Amended Complaint names the DOBI as a Defendant, which this Court does not support for the reasons already stated, namely that adding DOBI as a Defendant is not the proper course of action, when the DOBI has never been involved in this action. Since this Court has dismissed Plaintiff's Complaint in its entirety, Plaintiff's cross motion for judgment on the pleadings, or in the alternative, leave to file an amended complaint, is therefore **denied**.

## IV.   CONCLUSION

Based on the foregoing, Defendants' motions to dismiss Plaintiff's Complaint are **granted** Plaintiff's motion for judgment on the pleadings, or alternatively, for leave to file an amended complaint is **denied**.  As appropriate Order accompanies this Opinion.

                                                      S/ Dennis M. Cavanaugh
                                                     Dennis M. Cavanaugh, U.S.D.J.

Date:   March   12  , 2008
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File