NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMERICAN MILLENNIUM INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> FIRST KEYSTONE RISK RETENTION GROUP, INC., OCEAN RISK RETENTION GROUP, INC., PINELANDS INSURANCE COMPANY, RRG, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-cv-3400 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff American Millennium Insurance Co.'s ("Plaintiff") motion for reconsideration pursuant to L. R. Civ. P. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.

I.  **BACKGROUND**

Plaintiff is a taxi cab insurer authorized to do business in the State of New Jersey. (Complaint ¶¶ 1-2). Defendant First Keystone Risk Retention Group, Inc. ("First Keystone") is organized under the laws of South Carolina. (Complaint ¶ 6). Defendants Ocean Risk Retention Group, Inc. ("Ocean Risk") and Pinelands Insurance Company, RRG ("Pinelands") are organized

under the laws of the District of Columbia. (Complaint ¶¶ 5,7).  Each Defendant is a Risk Retention Group (RRG) who provides insurance coverage to member companies by assuming and spreading all of the liability exposure of its group members. (Defs.' Reply, p. 13).

On or about June 20, 2007, Plaintiff filed a Verified Complaint and an Order to Show Cause against Defendants in State Court.  Plaintiff sought an injunction prohibiting Defendants from writing automobile policies in the State of New Jersey.  In its Complaint, Plaintiff alleges that Defendants are not authorized or admitted to do business in the State of New Jersey, but are doing business pursuant to the Federal Liability Risk Retention Act ("FLRRA"). (Complaint ¶¶ 8,9).  Plaintiff alleges that Defendants have not met the requirements of New Jersey's financial responsibility laws, thereby barring Defendants from conducting business in New Jersey.  Plaintiff alleges that the federal preemption in the FLRRA is irrelevant to state financial responsibility laws, and Defendants must abide by the laws of the State of New Jersey.  The request for temporary restraints was denied on June 27, 2007.  Defendants then moved for removal.

Defendants First Keystone, Ocean Risk and Pinelands filed motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  Plaintiff thereafter filed a cross motion for judgment on the pleadings, or in the alternative to amend the Complaint, pursuant to FED. R. CIV. P. 12(c).  This Court granted Defendants' motions to dismiss and denied Plaintiff's motion on March 12, 2008. Plaintiff timely filed a motion for reconsideration and a motion to amend and alter a judgment pursuant to FED. R. CIV. P. 59(e) and L. R. Civ. P. 7.1(i) and a motion for leave to file an amended complaint.

**II.    STANDARD OF REVIEW**

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

**III.   DISCUSSION**

Plaintiff asserts that the motion for reconsideration pursuant to Local Rule 7.1(i) should be granted on the basis that it is necessary to prevent manifest injustice, claiming that the Court overlooked applicable statutory law in determining that risk retention groups are not insurers, thereby allowing standing. (Pl.'s Br. 3).  Plaintiff relies upon previously available arguments and evidence in making these claims.  A motion for reconsideration is, however, not a vehicle to re-argue the motion or to present evidence which should have been raised in connection with the earlier motion.  Tischio v. Bontex, Inc., 16 F.Supp. 2d 511, 532 (D.N.J. 1998).  This Court has held that Risk Retention Groups are forms of insurance cooperatives through which insureds engage in self insurance. American Millennium Insurance Co. v. First Keystone Risk Retention Group et. al, 2008 U.S. Dist. LEXIS 19619 at 5 (D.N.J. 2008) (citing Scales v. Memorial Medical Center of Jacksonville, Inc, 690 F. Supp. 1002, 1003 n.1 (M.D. Fla. 1988)).  Defendants are not in the class of businesses which must deposit a bond with the clerk or procure a certificate of authority, and thus Defendants had standing to bring the motions to dismiss.

Id. at 5, 6.

Further, Plaintiff contends that the Court overlooked N.J.S.A. 17:17-11 because its ruling ignores the plain reading of the statute. This issue was not overlooked as this Court specifically addressed N.J.S.A. 17:17-1 in determining that these statutes are designed only to protect insureds and are thus not applicable in creating a private right of action to Plaintiff as an insurer. Id. at 6. An argument is not deemed overlooked because it is not specifically addressed in a Court's opinion. Ashton v. AT&T Corp., 2006 U.S. Dist. LEXIS 4787 (D.N.J. 2006) (DMC), affirmed, docket number 06-1610 (3d Cir. 2007).

This Court held that the statutes at issue are designed to protect insureds, not insurers, from unauthorized insurance companies acting outside the regulatory scheme of the Commissioner of Insurance. American Millennium Ins. Co. LEXIS 19619 at 5 (D.N. J. 2008). Moreover, in applying the three other factors enumerated in Cort v. Ash, 422 U.S. 66, 78, 95 (1975), this Court found that there is no indication that the New Jersey Legislature intended to create a private right of action nor would such private right of action be consistent with legislative intent. American Millennium Ins. Co. LEXIS 19619 at 5 (D.N. J. 2008). Finally, this Court held that the cause of action is one traditionally relegated to state law. Id.

With regard to Plaintiff's contention that this Court improperly dismissed the Tortious Interference with a Prospective Economic Advantage claim, Plaintiff is merely reasserting previous claims relating to the specificity of the Complaint. This Court held that Plaintiff failed to demonstrate either the likelihood of a particular contract being actualized, a specific business relationship with which Defendants have interfered, or specifically how Defendants' actions caused Plaintiff's alleged damages. Id. at 10.

Plaintiff also seeks to file an Amended Complaint to comply with the specificity the Court demands, however, as mentioned above, a motion for reconsideration is not a vehicle to re-argue the motion or to present evidence which should have been raised in connection with the earlier motion. Tischio, 16 F.Supp. 2d 532 (D.N.J. 1998).

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

                    S/ Dennis M. Cavanaugh
                    Dennis M. Cavanaugh, U.S.D.J.

Date:        June  2 , 2008
Orig.:       Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File